UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                              Petitioner,<br>v.<br><br>THE SUPREME COURT OF THE STATE OF CALIFORNIA, et al.,<br><br>                            Respondents. | Case No.: 22-CV-246 JLS (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

On February 22, 2022, Plaintiff Darryl Dunsmore, a prisoner currently incarcerated at California Health Care Facility in Stockton, California ("CHCF") and proceeding pro se, filed a "Petition for Writ of Mandate" pursuant to 28 U.S.C. § 1361, in which he seeks to compel the San Diego Superior Court to "award all credits as a serious offender and all credits according to law" and to compel the California Department of Corrections and Rehabilitation ("CDCR") and the CHCF to release him from custody. Pet., ECF No. 1 at 6.

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this

1

filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir.2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP. Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

**II.    Sua Sponte Screening per 28 U.S.C. § 1915A(b)(1)**

The Court further finds that even if Plaintiff had paid the full $350 filing fee or moved to proceed IFP pursuant to 28 U.S.C. § 1915(a), his action nevertheless remains subject to sua sponte dismissal under 28 U.S.C. § 1915A. This statute requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing . . . a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When conducting this review, the court may dismiss the action, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b) (1); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Petitioner alleges that the San Diego Superior Court, the CDCR, and the CHCF have improperly calculated his custody credits and are "holding him hostage." Pet., ECF No. 1. He invokes jurisdiction under 28 U.S.C. § 1361 to ask this Court to compel, or issue mandamus to, the state superior court, the CDCR, and the CHCF to properly calculate his custody credits and stop "holding him hostage." *Id.* Mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 379–80 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). Moreover, mandamus relief under 28 U.S.C. § 1361 is only available to compel "an officer of the United States or any agency thereof" to perform a duty. 28 U.S.C. § 1361. None of the parties Petitioner lists as Respondents are "officer[s]

or employee[s] of the United States" or of "any agency thereof," and Petitioner has not identified any duties owed to him by "an officer or employee of the United States or any agency thereof . . . ." Pet., ECF No. 1 at 1; 28 U.S.C. § 1361. Moreover, 28 U.S.C. § 1361 does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161–72 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (finding that federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (same), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (noting that federal mandamus statute has no application to state officers or employees); *Mitchell v. Curry*, 2010 WL 3386005, at *1 (N.D. Cal. 2010) (unpublished) (dismissing as frivolous prisoner's petition for writ of mandamus requesting federal court to compel state superior court and prison officials to take action).

### III.  Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)  **DISMISSES** this action sua sponte for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)  **DISMISSES** this action as frivolous and without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1); and

(3)  **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

///

1  550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal
2  would not be frivolous).  The Clerk of the Court shall close the file.
3       **IT IS SO ORDERED.**
4  Dated:  March 25, 2022

                                            Hon. Janis L. Sammartino
                                            United States District Judge